IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

CIVIL ACTION NO.: 3:20-cv-00034 (WOB)

SYBIL FRANTZ                                              PLAINTIFF

VS.                    **MEMORANDUM OPINION AND ORDER**

ANDREW G. BESHEAR,
in his official capacity
as GOVERNOR OF KENTUCKY                                   DEFENDANT

Plaintiff Sybil Frantz filed a *pro se* civil action challenging the validity of an executive order issued by Defendant Andrew Graham Beshear, Governor of the Commonwealth of Kentucky. In her complaint, Frantz alleges one of Governor Beshear's executive orders pertaining to the COVID-19 pandemic deprived her of due process rights under the Fourteenth Amendment to the United States Constitution, as well as tortiously interfered with her ongoing business relations.

This matter is before the Court on Governor Beshear's motion to dismiss Frantz's claims for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted. (Doc 8). The Court now issues the following Memorandum Opinion and Order.

*Factual and Procedural Background*

Just after the New Year in 2020, an unseen enemy arrived on the world's stage. Debuting as the gravest threat to public health in the last century, the novel COVID-19 virus rampaged across the globe. With virtually no time to prepare for the oncoming storm, government and public safety officials across the United States battened down the hatches, readying themselves for the

1

virus' initial impact. And unfortunately, Kentucky's citizenry fell victim to COVID-19 by early March. (Doc. 8-1 at 1).

Governor Beshear acted quickly, declaring a state of emergency on March 6, 2020. (Doc. 8-1 at 5); *See* Ky. Exec. Order No. 2020-15. Through the emergency powers vested in the executive under KRS 39A, 194A, and 214, Governor Beshear, with help from the Cabinet, drafted and issued several executive orders as more steps to combat COVID-19's spread. (Doc. 8-1 at 5).

In late March, Governor Beshear issued Executive Order 2020-257, which encouraged Kentuckians to remain "Healthy at Home" and closed all businesses that were not "life-sustaining". (Doc. 8-1 at 5). Businesses left open had to comply with several measures to ensure public safety, including extensive hygiene and social distancing guidance under current Center for Disease Control and Prevention guidelines. (Doc. 8-1 at 6).

By May, Kentucky began a phased reopening of its economy. Wishing to slowly shift toward some semblance of normalcy, while also continuing to limit COVID-19's spread, Cabinet Secretary Eric Freidlander—acting as Governor Beshear's designee—issued a list of requirements with which all businesses had to comply in order to reopen or remain open. (Doc. 8-1 at 6); *See* Minimum Requirements for All Entities.[1] One of those requirements was a universal employee mask mandate.

The masking requirement for employees came directly from the CDC health guidelines. (Doc. 8-1 at 7). As explained on its website, "COVID-19 is thought to spread mainly through close contact from person to person, including between people who are physically near each other (within about 6 feet). When people with COVID-19 cough, sneeze, sing, talk, or breathe they

---

[1] Available at https://govsite-assets.s3.amazonaws.com/lilckLQBSZSBxlq6ddJq_5-11-2020%20CHFS%20Order%20Minimum%20Requirements%20for%20All%20Entities%20v1.3.pdf (last visited July 6, 2020).

produce respiratory droplets"[2] and "[i]nfections occur mainly through exposure to respiratory droplets when a person is in close contact with someone who has COVID-19." *Id.* It also noted that "cloth face coverings are a critical tool in the fight against COVID-19 that could reduce the spread of the disease. . . .There is increasing evidence that cloth face coverings help prevent people who have COVID-19 from spreading the virus to others."[3]

That same month, Frantz filed a *pro se* complaint against Governor Beshear. Frantz is the owner and operator of Robert's Health Foods ("Health Foods") in Lexington, Kentucky. (Doc. 1-1 at 5). Frantz alleges that Governor Beshear's executive orders deprived her of constitutional rights and tortiously interfered with her business. (Doc. 1-1 at 8-11). She claims Governor Beshear "stated that businesses will be fined and/or forced to close for not having all employees wearing face masks while working in that business" and "is trying to impose mandates that have potential financial penalties for businesses whose owners are not willing to give up their constitutional rights and freedoms." (Doc. 1-1 at 5-12).

In violation of Governor Beshear's orders, Frantz and her employees have not worn masks while working at Health Foods. (Doc. 1-1 at 7). Instead, she states they "actively support [their] immune systems, wash their hands, and keep items clean and sanitary as a matter of daily practice." (Doc. 1-1 at 7).

Frantz first argues Governor Beshear's face mask mandate deprives her of procedural due process. (Doc. 1-1 at 8).[4] Second, invoking substantive due process, she argues Governor

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html (last updated Oct. 28, 2020; last visited Nov. 17, 2020).

[3] https://www.cdc.gov/media/releases/2020/p0714-americans-to-wear-masks.html (last updated July 14, 2020; last visited Nov. 17, 2020).

[4] Frantz often confuses, conflates, and entwines Fourth Amendment protections with those of procedural due process. But at bottom, she argues that Governor Beshear implemented his order without providing a hearing, which deprived her of procedural due process.

Beshear's order infringes her "right to earn a living free from 'unreasonable governmental interference.'" (Doc. 1-1 at 9). And third, she argues that Governor Beshear's order tortiously interferes with Healthy Food's ongoing business relations. (Doc. 1-1 at 11).

In July, Governor Beshear moved to dismiss Frantz's case under Fed. R. Civ. P. 12 (b)(1) and (6). (Doc. 8). Four months later, Frantz filed a motion for sanctions and contempt of court against individuals that are not parties here. (Doc. 16). Now, both motions are before this Court.

*Analysis*

**A. <u>Ripeness</u>**

Governor Beshear argues that Frantz's procedural and substantive due process claims are not ripe for review because there has not yet been an injury, which deprives this Court of subject matter jurisdiction. (Doc. 8-1 p. 13-14, 16-17); *See Bigelow v. Michigan Dep't. of Nat. Res.*, 970 F.2d 154, 157 (6th Cir. 1992).

In a pre-enforcement challenge, whether the plaintiff has standing to sue often turns upon whether he can prove an "injury in fact" before the state has commenced an enforcement proceeding against him. A plaintiff suffers an "injury in fact" when his legally protected interest has been invaded and the injury is both "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan,* 504 U.S. at 560 (citations omitted). Although most federal claims assert allegations that the plaintiff has suffered a past injury, "[a]n allegation of future injury may suffice if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *SBA List,* 134 S. Ct. at 2341 (internal quotation marks omitted). A plaintiff satisfies this requirement when he alleges "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298, 99

4

S. Ct. 2301, 60 L.Ed.2d 895 (1979). When a plaintiff has engaged in a course of conduct and the state has instructed him to stop or face disciplinary action, courts may infer a threat of prosecution that is neither "chimerical," *Steffel v. Thompson,* 415 U.S. 452, 459 (1974) (internal quotation marks omitted), nor "imaginary or wholly speculative," *Babbitt,* 442 U.S. at 302. Under such circumstances, a plaintiff has adequately alleged a concrete and imminent harm sufficient to meet the "injury in fact" requirement.

Frantz alleges she is harmed by the Governor's mask mandate. She claims that if she does not comply with the mandate, the Cabinet will fine her or force her to close her business. (Doc 1-1 at 5). She also alleges she will be harmed by the mandate by having to give up constitutional rights in order to keep her business open. (Doc 1-1 at 5). Frantz has thus alleged a credible threat of future prosecution sufficient to prove she is suffering an injury in fact.

The ripeness doctrine serves "to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Hill v. Snyder*, 878 F.3d 193, 213 (6th Cir. 2017). "The Supreme Court has set forth a two-prong evaluation for addressing ripeness: A claim is ripe where it is 'fit for judicial decision' and where 'withholding court consideration' will cause hardship to the parties." *Id.* (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 97 (1977)).

Claims are fit for review "if they present 'purely legal' issues that 'will not be clarified by further factual development.'" *Hill*, 878 F.3d at 214. Using this principle, the Sixth Circuit regularly finds "pre-enforcement facial constitutional challenges ripe for review." *Id; See also Online Merchants Guild v. Cameron*, 468 F. Supp. 3d 883, 898 (E.D. Ky 2020).

Here, the present record adequately frames the constitutional issues raised. The case presents legal issues, not factual, making it ripe for review. Frantz will also suffer hardship absent

judicial consideration of her claims. There is a credible threat of prosecution under the executive order. Frantz showed a credible fear that the state, or its agents (the Cabinet), will enforce the law in this case. *Norton v. Ashcroft,* 298 F.3d 547, 554 (6th Cir. 2002).

### B. Fourteenth Amendment

#### 1. Procedural Due Process

Governor Beshear argues Frantz's claims fail as a matter of law because under KRS 211.230, if a "person, firm, or corporation" does not comply with the Governor's order, the Cabinet must petition "the Circuit Court, or a judge thereof, . . . [to] compel obedience by proceedings as in contempt cases." Governor Beshear argues that "even if [Frantz's] business was ordered closed . . . that closure order could not be enforced absent a court order." (Doc. 8-1 at 15). He also notes that violating the executive order constitutes a Class A misdemeanor under KRS 39A.990, and he contends that if officers arrested or cited Frantz for noncompliance, she would receive the same due process protections as any other defendant in a criminal case. (Doc. 8-1 at 15).

In times of immense crisis, the government has the right to promptly act to combat dangers posed to the public's health and safety. *See Jacobson v. Massachusetts*, 197 U.S. 11, 26 (1905). But this power does not go unchecked and must follow the color of law. *Id*. at 31.

Governor Beshear's executive order, which requires open businesses to make their employees wear masks while working, directly relates to limiting the spread of COVID-19. Secretary Friedlander, under Governor Beshear's order, issued minimum requirements for all entities in Kentucky that required "businesses, organizations, and entities" to "ensure to the greatest extent practicable, that their employees, volunteers, and contractors wear a cloth mask" while working.

6

Frantz argues Governor Beshear's executive order deprives her of the right to operate her business. *See Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611-12 (6th Cir. 2006). And because she was forced to comply with the executive order without first being provided a hearing, Frantz argues she was deprived of procedural due process.

To establish such a claim, Frantz must show that: "(1) [s]he had a life, liberty, or property interest protected by the Due Process Clause; (2) [s]he was deprived of this protected interest; and (3) the state did not afford [her] adequate procedural rights prior to depriving her of the property interest." *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006).

Although a hearing is sometimes required before a deprivation of property or liberty interests, a post-deprivation hearing suffices when "a government official reasonably believed that immediate action was necessary to eliminate an emergency situation." *United Pet Supply, Inc. v. City of Chattanooga, Tenn.*, 768 F.3d 464, 485–86 (6th Cir. 2014). And when the State issues a generally applicable law or order, no hearing is usually required. *Neinast v. Bd. of Trustees of Columbus Metro. Library*, 346 F.3d 585, 596–97 (6th Cir. 2003).

Our precedent makes clear that Frantz was not entitled to a pre-deprivation hearing. When legislation and orders are general in scope, rather than targeting specific individuals or groups, that generality provides a safeguard that substitutes for procedural protections. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982). Governor Beshear's executive order affected all "businesses, organization, and entities" in Kentucky; it did not single out Frantz's business. Therefore, the governor's order did not violate Frantz's right to a pre-deprivation hearing. *See Smith v. Jefferson Cty. Bd. of Sch. Comm'rs*, 641 F.3d 197, 216 (6th Cir. 2011) (internal quotation marks omitted); *Neinast v. Bd. of Trustees of Columbus Metro. Library*, 346 F.3d 585, 596–97 (6th Cir. 2003).

Moreover, Governor Beshear's argument—while conclusory—is correct in that Kentucky state law provides Frantz two avenues for post-deprivation process. First, if the Cabinet wished to shut Frantz's business down for noncompliance with the executive order, it must petition "the Circuit Court, or a judge thereof, . . . [to] compel obedience by proceedings as in contempt cases." KRS 211.230. And second, like any other criminal defendant, Frantz would receive due process rights if the State chose to prosecute her for violating the executive order because her noncompliance would constitute a Class A misdemeanor under Kentucky law. KRS 39A.990.

Thus, Frantz has failed to state a claim for violation of procedural due process.

**2. Substantive Due Process**

Frantz also contends Governor Beshear's order revokes her "right to earn a living free from 'unreasonable governmental interference.'" (Doc. 1-1 at 9). Governor Beshear argues that "no fundamental interest is at issue, as '[t]he regulation of business operations does not 'impinge on fundamental rights.''" (Doc. 8-1 at 17) (citing *Talleywhacker, Inc. v. Cooper*, WL 3051207, at *9 (E.D.N.C. June 8, 2020).

The Due Process Clause of the Fourteenth Amendment provides that a state may not deprive a citizen of life, liberty, or property without due process of law. U.S. Const. Amend. XIV § 1. When reviewing a "substantive due process claim, [courts must] first ask whether the plaintiff has shown 'a deprivation of a constitutionally protected liberty interest'[.]" *Siefert v. Hamilton Cty.*, 951 F.3d 753, 765 (6th Cir. 2020).

In one sense, Governor Beshear is correct because the right to operate your business free from governmental interference is not a fundamental right protected by the substantive due process clause. Nonetheless, Frantz has a protected liberty interest in operating her business free from arbitrary and unreasonable government regulation.

8

The Due Process Clause of the Fourteenth Amendment includes a substantive safeguard that bars arbitrary, wrongful, government action "regardless of the fairness of the procedures used to implement them." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). "Generally speaking, freedom to choose and pursue a career, to engage in any of the common occupations of life, qualifies as a liberty interest which may not be arbitrarily denied by the State." *Wilkerson v. Johnson*, 699 F.2d 325, 328 (6th Cir. 1983). This Court recently recognized this liberty interest while evaluating a plaintiff's substantive due process claim in *Truesdell v. Friedlander*, Civil No. 3:19-cv-00066-GFVT, 2020 WL 5111206, at *6 (E.D. Ky. Aug. 31, 2020). In this vein, the Supreme Court recognized that "[i]t requires no argument to show that the right to work for a living in the common occupations of the community is of the very essence of the personal freedom and opportunity that it was the purpose of the [Fourteenth] Amendment to secure." *Truax v. Raich*, 239 U.S. 33, 41 (1915).

Frantz argues Governor Beshear deprived her of the protected interest to operate her business free from arbitrary state action. This Court must first decide what standard it will use to see if Governor Beshear's order passes constitutional muster.

In *League of Indep. Fitness Facilities & Trainers, Inc. v. Whitmer*, the Sixth Circuit denied plaintiffs' request for emergency stay over Michigan Governor Whitmer's executive order that shut down their businesses during the early months of COVID-19 pandemic. *League of Indep. Fitness Facilities & Trainers, Inc. v. Whitmer*, 814 F. App'x 125, 127 (6th Cir. 2020). In denying the stay, the Court noted that plaintiffs' Fourteenth Amendment claims did not involve a fundamental right or suspect classification and was thus subject to rational basis review.[5]

---

[5] *Id*. at 26; *See Hartman v. Acton*, 2020 WL 1932896, at *10 ("[W]here a regulatory scheme neither implicates a fundamental right nor creates a suspect classification, rational basis review applies.") (citation omitted).

9

The party challenging a legislative enactment subject to rational basis review must negative every conceivable basis which might support it. *See, e.g.*, *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973). "Under rational basis review, it is 'constitutionally irrelevant [what] reasoning in fact underlay the [government action].'" *Craigmiles v. Giles*, 312 F.3d 220, 224 (quoting *R.R. Ret. Bd. v. Fritz*, 449 U.S. 166, 179 (1980)). This court "will be satisfied with the government's 'rational speculation' linking the regulation to a legitimate purpose, even 'unsupported by evidence or empirical data.'" *Id.* (quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)). Thus, if Governor Beshear's executive order can be upheld under any plausible justification offered by him, or even hypothesized by this court, it survives rational-basis scrutiny. *See Berger v. City of Mayfield Heights*, 154 F.3d 621, 624-26 (6th Cir. 1998).

While Frantz argues Governor Beshear's mask mandate deprives her of the protected liberty interest in operating her business free from arbitrary government regulation, the "Constitution does not guarantee the unrestricted privilege to engage in a business or to conduct it as one pleases." *Nebbia v. New York*, 291 U.S. 502, 527-28 (1934).

In sum, the Court easily finds a rational relationship between Governor Beshear's mask mandate and limiting the spread of COVID-19 in Kentucky.

Although this Court sympathizes with the plight of small-business owners during the COVID-19 pandemic, they do not have unfettered, unregulated, and unrestricted reign over their businesses. On the contrary, businesses must comply with reasonable government regulations, like no-smoking regulations and health code requirements.

The Court thus concludes that Frantz has not stated a viable substantive due process claim.

### 3. Tortious Interference with Business Relations

Frantz's final claim arises under Kentucky state law, which falls under the Court's supplemental jurisdiction.

Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966). 28 U.S.C. § 1367 "includes an explicit provision permitting the district court to decline to exercise supplemental jurisdiction when that court has dismissed all of the claims over which it has original jurisdiction." *Weeks v. Portage County Executive Offices*, 235 F.3d 275, 280 (6th Cir. 2000).

Because this Court is dismissing Frantz's federal claims, it will decline to exercise supplemental jurisdiction over her state claim and will dismiss it without prejudice.

### C. Frantz's Motion for Sanctions

The Court will deny this motion. (Doc. 16).

First, the Cabinet officials are not parties, so the Court has no jurisdiction over them. Second, although Frantz titled her motion a request for sanctions and contempt of court, she does not precisely explain what relief she seeks. And third, her motion fails to meet the sanction and contempt requirements enumerated in FRCP 11 and 70.

Therefore, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that: (1) Governor Beshear's motion to dismiss (Doc. 8) be, and is hereby, **GRANTED as to Frantz's federal claims;** (2) Frantz's state law claim is **DISMISSED WITHOUT PREJUDICE**; and (2) Frantz's motion for sanctions (Doc. 16) be, and is hereby, **DENIED**. A separate judgment shall enter concurrently herewith.

This 25th day of January 2021.



Signed By:
**William O. Bertelsman** W.OB
United States District Judge

12